CV 14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------- X

MARVIN WASHINGTON,

                                Plaintiff,    **COMPLAINT**

    -against-

THE CITY OF NEW YORK; P.O. MICHAEL
GISBERT, Shield # 07705; P.O. D'AMICO;    ECF Case
and P.O. JOHN DOES # 1-2; the individual
defendant(s) sued individually and in    Jury Trial Demanded
their official capacities,

                                Defendants.

------------------------------------------- X

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. § 1983; and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claims arise from an incident that arose on or about February 22, 2013. During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things: unlawful search and seizure; false arrest; unreasonable force; failure to intervene; malicious prosecution; denial of a fair trial; and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive

damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. Plaintiff Marvin Washington is African American, and a resident of the State of New York, Kings County.

6. Mr. Washington works for the New York City Department of Education as an administrator.

7. At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

8. At all times alleged herein, defendants P.O. Michael Gisbert, Shield # 07705, P.O. D'Amico, and P.O. John Does # 1-2 were New York City Police Officers employed with the 75th Precinct, located in Kings County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

9. The individual defendants are sued in their individual and official capacities.

### STATEMENT OF FACTS

**The Incident**

10. On February 22, 2013, at and in the vicinity of Pennsylvania Avenue and New Lots Avenue, Brooklyn, New York, and the 75th Precinct, police officers operating from the 75th Precinct, including upon information and belief, defendants P.O Gisbert, P.O. D'Amico and P.O. John Does # 1-2, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

11. On February 22, 2013, at Pennsylvania Avenue and New Lots Avenue, Brooklyn, New York, P.O Gisbert, P.O. D'Amico and P.O. John Does # 1-2, without probable cause or reasonable suspicion that plaintiff had committed a crime unlawfully arrested plaintiff.

12. Plaintiff was driving in his car during the early morning hours.

13. The police were manning a checkpoint.

14. Plaintiff approached the checkpoint, following the other cars.

15. Plaintiff was not intoxicated or impaired.

16. When plaintiff reached the checkpoint a police officer knocked a traffic cone in front of his car.

17. There was no cause or justification to detain plaintiff.

18. The officer then shouted at plaintiff to get out of his car.

19. Plaintiff stepped out of his car and was detained by his car.

20. The police searched plaintiff's car without justification or cause.

21. No narcotics, drugs or contraband were found in plaintiff's car.

22. The police then ordered plaintiff back inside his car.

23. The police asked for plaintiff to give them his driver's license.

24. Plaintiff gave his license to the police.

25. P.O. Gisbert and P.O. D'Amico came over to plaintiff.

26. P.O. D'Amico ordered plaintiff out of his car.

27. Plaintiff got out of his car.

28. The police took plaintiff to the back of plaintiff's car and handcuffed him without cause of justification.

29. Plaintiff complained about what was happening.

30. The police searched plaintiff on the street.

31. No drugs, weapons or contraband were found on plaintiff.

32. The police placed the handcuffs on plaintiff that were extremely tight.

33. Plaintiff asked the police to loosen the handcuffs.

34. The police ignored plaintiff's request.

35. The police placed plaintiff in a police van.

36. Inside the van, the police talked among themselves and responded to questions from arrestees.

37. During these exchanges the police said in sum and substance: *They were going to stop every third car; They needed a lot of people; When you work for a company you have to be productive;* and *You take this body.*

38. The police transported plaintiff to the 75th Precinct where they processed his arrest.

39. Plaintiff was released with a desk appearance ticket.

40. In order to cover up their illegal actions, the police, including P.O. Gisbert, pursuant to a conspiracy, initiated, and falsely and maliciously told the Kings County District Attorney's Office that the plaintiff had committed crimes, including unlawful possession of marihuana.

41. The police made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, meet productivity goals and quotas, and/or justify overtime expenditures.

42. Upon information and belief, the unlawful actions against plaintiff were also based on racial profiling or indifference.

43. After his arrest plaintiff notified the New York City Department of Education that he had been arrested, and the Department suspended him without pay until the criminal case was terminated.

44. On March 25, 2013, plaintiff appeared at King County Court and his case was dismissed forthwith.

45. Plaintiff was shocked, humiliated and embarrassed by the experience.

**General Allegations**

46. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

47. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

48. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

49. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

49. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

50. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

51. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

52. Defendants unlawfully stopped and searched plaintiff without cause or consent.

63. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

64. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

65. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

66. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### THIRD CLAIM

### (UNREASONABLE FORCE)

67. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

68. The individual defendants' use of force upon plaintiff was objectively unreasonable.

69. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff.

70. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

71. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

72. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

73. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

74. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

75. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

76. The individual defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution(s) against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the court(s), which alleged plaintiff had committed various crimes.

77. The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

78. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

79. The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiff.

## SIXTH CLAIM

### (DENIAL OF FAIR TRIAL)

80. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

81. The defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

82. Furthermore, the defendants violated the law by making false statements by drafting and/or signing a sworn criminal court complaint and false police reports.

83. Furthermore, the individual defendants violated the law by manipulating evidence to obtain a prosecution and unjust conviction, while performing the function of investigators.

84. The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and is redressable in an action for damages under 42 U.S.C. § 1983.

85. The individual defendants are also liable to plaintiff because they intentionally created false information likely to influence a fact finder's or jury's decision by, *inter alia*, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiff's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

### SEVENTH CLAIM

### (MONELL CLAIM)

86. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

87. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

88. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiffs: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully stopping, seaching and arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; and (5) fabricating evidence against innocent persons.

89. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

90. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately

investigate prior complaints filed against the individual defendants.

91. Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

92. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

93. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

94. The existence of the aforesaid unconstitutional customs and polices of profiling minorities, may be inferred by the August 12, 2013 decision in *Floyd, et al. v. City of New York, et al.*, 08-cv-1034-SAS, finding that the NYPD had violated the rights of thousands of citizens with respect to the application of its "Stop and Frisk" policy.

95. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

96. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

   a. Compensatory damages in an amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

   d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: Brooklyn, New York
February 5, 2014

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*
16 Court Street, suite 3301
Brooklyn, New York 11241
(718) 246-2900
mhueston@nyc.rr.com
By:

MICHAEL O. HUESTON